UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TIM TYLER MOTORS, INC. AND<br>TIM TYLER MOTORS, INC.<br>EMPLOYEE HEALTH PLAN, | Case No. 15-cv-12588<br><br>Honorable Marianne O. Battani |
| Plaintiffs, | |
| v. | |
| BLUE CROSS BLUE SHIELD OF<br>MICHIGAN, | |
| Defendant. | |

## JOINT DISCOVERY PLAN

The parties submit the following as their Joint Proposed Discovery Plan in accordance with Rule 26(f)(3) of the Federal Rules of Civil Procedure and in satisfaction of the Court's Notice of Scheduling Conference and Order to Appear.

1. <u>Background</u>: This case involves a self-funded employee benefits plan (Plaintiff Tim Tyler Motors, Inc. Employee Health Plan—the "Plan"), which is sponsored by Tim Tyler Motors, Inc.  Defendant, Blue Cross Blue Shield of Michigan ("BCBSM"), has administered healthcare claims for the Plan pursuant to an Administrative Services Contract ("ASC") at all relevant times to this case.

Plaintiffs claim that BCBSM breached fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA") § 404(a), 29 U.S.C. § 1104(a)

(Count I), and engaged in prohibited self-dealing under ERISA § 406(b), 29 U.S.C. § 1106(b) (Count II), by charging certain fees that they contend were neither disclosed nor agreed to. Plaintiffs also allege that BCBSM lied to them about the fees it was charging. Plaintiffs seek the return of the fees, an award of prejudgment interest to reflect the time-value of money, and an award of reasonable attorneys' fees under ERISA.

BCBSM maintains it did not breach its fiduciary duties or engage in self-dealing and that Plaintiffs' claims are time-barred under ERISA § 413, 29 U.S.C. § 1113. BCBSM denies all further allegations of wrongdoing.

Plaintiffs claim that their claims are timely because of the six-year discovery rule limitations period under ERISA § 413, 29 U.S.C. § 1113, and because the statute of limitations was tolled until 2011 based on the class action in *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Mich.*, 654 F.3d 618 (6th Cir. 2011). BCBSM denies that Plaintiffs' tolling theory applies.

2. <u>Jurisdiction</u>: This Court has subject matter jurisdiction pursuant to ERISA.

3. <u>Relationship to Other Cases</u>: This case is one more than 90 related cases filed against BCBSM. One of these cases, *Hi-Lex Controls Inc. v. Blue Cross & Blue Shield of Michigan*, No. 11-cv-12557 (Roberts, J., presiding), resulted in a bench trial with judgment in favor of the plaintiffs. Plaintiffs contend

that the factual findings and legal conclusions in *Hi-Lex* and other related cases are dispositive to similar issues in this case. BCBSM denies that *Hi-Lex* or rulings in related cases are dispositive of this matter.

Following Judge Roberts' decision in *Hi-Lex*, two other cases have resulted in the entry of summary judgment in favor of plaintiffs and against BCBSM. *See Dykema Excavators, Inc. v. Blue Cross Blue Shield of Mich.*, No. 13-cv-12151 (Lawson, J.); *Pridgeon & Clay, Inc. v. Blue Cross Blue Shield of Mich.*, No. 13-cv-11832 (Murphy, J.). Other Judges in this District found an issue of fact concerning BCBSM's statute of limitations defense and denied the plaintiffs' motion for partial summary judgment. *See Kent Companies v. BCBSM*, No. 14-cv-13070 (Steeh, J.); *Griffin Beverage Co. v. BCBSM*, No. 14-cv-14690 (Ludington, J.); *Alma Products I, Inc. v. Blue Cross Blue Shield of Michigan*, No. 14-cv-13066 (Ludington, J.).

4. <u>Proposed Amendments to the Pleadings</u>: At this time, the parties do not propose or anticipate amending the pleadings.

5. <u>Disclosures</u>: The parties propose that their initial Rule 26(a)(1) disclosures be made by no later than November 11, 2015. Besides the timing of initial disclosures, the parties do not propose changing the normal requirements of Rule 26(a)(1).

6. <u>Discovery</u>: The parties are unable to agree upon discovery. Thus, each party submits its own proposal.

<u>Plaintiffs</u>: Discovery should begin immediately. Plaintiffs propose that all of the discovery produced by BCBSM in related cases may be used by the parties as if produced in this case. The parties reserve all objections to admissibility.

At a minimum, Plaintiffs require further discovery on the issues of damages and Defendant's ERISA liability for claims involving the "physicians group incentive program" ("PGIP"), issues that will not be affected by their anticipated motion for partial summary judgment.

If the Court is inclined to defer discovery for a period of 60 days to facilitate settlement efforts, Plaintiffs propose that the Court take the approach recently implemented by Judge Cleland and Judge Levy. By day 30 of this period, the parties shall exchange all documents relating to the amount of access fees at issue in this dispute, such as Value of Blues, Annual Settlement Statements, Quarterly Settlement Statements, and Retention Reallocation Audit Reports. Within the next 30 days, the parties must engage in meaningful, good-faith settlement negotiations, consisting of offers and counteroffers. The Court should have a conference call at each 30-day interval to ensure sufficient compliance.

<u>BCBSM</u>: Discovery has been deferred for up to 60 days in other cases and should be deferred here to allow the parties to focus their resources on settlement.

There is good reason to expect a prompt settlement. During the last year, BCBSM, through undersigned counsel, has reached at least thirty-seven settlements of similar cases: two in August, three in September, nine in October, two in November, one each in December and January, five in February, six in March, four in April, two in May, and at least one in June, July and August. The vast majority of these settlements came before any intensive discovery by the parties. The parties' attorneys are currently engaged in settlement discussions regarding a number of other pending cases, all similar to this one.

If discovery does proceed, BCBSM does not agree that discovery produced by BCBSM in similar cases should be used by the parties as if produced in this case. Not all of the documents that BCBSM produced in similar cases are relevant to, and therefore discoverable in, this case. For example, Plaintiffs did not engage BCBSM for the services at issue until 2006, rendering much of that discovery, from prior years, irrelevant to this case.

But even if such documents were relevant, they should not be used in this case without an appropriate protective order and Plaintiffs and their counsel should not be permitted to use such discovery for any purpose unrelated to this case. In addition, if the Court is inclined to allow Plaintiffs use of any such materials in relation to this matter, BCBSM requests that Plaintiffs be required to identify the "related" or "similar" cases it is referring to by its request and that BCBSM be

relieved of any obligation to produce (or reproduce) any such items in this matter. BCBSM also reserves all objections to admissibility, including relevancy.

If the Court is inclined to accept Plaintiffs' request regarding discovery produce in other cases, BCBSM asks the Court to take the issue up at a Rule 16 scheduling conference, before the Court rules, to allow for further discussion on that subject and on the possibility of reasonably controlling the scope and order of discovery. At a minimum, BCBSM would request a scheduling order allowing a reasonable time to complete settlement negotiations before allowing discovery.

There are no pending discovery disputes, aside from those described above. However, Plaintiffs expect that the parties may encounter disputes similar to those pending in other related cases.

7. <u>Electronically Stored Information</u>: Significant electronic discovery has been done by BCBSM in similar cases, and both parties expect to seek discovery of electronically stored information in this matter.

BCBSM believes that electronically stored information that has been produced in other cases has no bearing on the time potentially needed to gather, review and produce new information pertinent to any discovery propounded by Plaintiffs in this case. Based on the anticipated nature of Plaintiffs' discovery requests, BCBSM anticipates it may need to devote significant resources to the

6

process of producing electronically stored information, including but not limited to the use of third-party vendors.

    8.    <u>Deadlines</u>:

Plaintiffs Propose:

    a.    Expert disclosures:    January 6, 2016

    b.    Rebuttal expert disclosures:    January 20, 2016

    c.    Discovery cut-off:    March 2, 2016

    d.    Trial (2 days):    TBD

Defendant Proposes:

    a.    Expert disclosures:    February 3, 2016

    b.    Rebuttal expert disclosures:    March 2, 2016

    c.    Discovery cut-off:    April 13, 2016

    d.    Trial (2-4 days):    TBD

    9.    <u>Mediation and Motion Filing</u>:  The parties anticipate filing dispositive motions at the close of discovery.  Although Defendant believes that discovery will show that Plaintiffs' claims are without merit and would ultimately be dismissed, whether upon motion or following trial, the parties are exploring the possibility of settlement, which may resolve this dispute in the near future.

    The parties do not believe that private or judicial facilitative mediation is necessary, but if it becomes so, Plaintiffs propose Dennis M. Barnes of the law

firm of Barris Sott Denn and Driker PLLC to serve as mediator.  Mr. Barnes has successfully mediated many of the other cases involving the same fees.  Defendant does not object to engaging the services of Mr. Barnes, as long as Plaintiffs share in the cost.  However, Defendant does not believe that the success or failure of mediation rests on the particular individual who conducts mediation.

9. <u>Insurance</u>:  BCBSM does not have insurance, including indemnification agreements, available to satisfy part or all of a judgment.

VARNUM LLP
Attorneys for Plaintiffs

Dated:  October 7, 2015	By:   /s/ *John W. Sturgis VII*
	Perrin Rynders (P38221)
	Aaron M. Phelps (P64790)
	Kyle P. Konwinski (P76257)
	John W. Sturgis VII (P79046)
Business Address, Telephone, and E-mail:
	P.O. Box 352
	Grand Rapids, MI  49501-0352
	616/336-6000
	prynders@varnumlaw.com
	amphelps@varnumlaw.com
	kpkonwinski@varnumlaw.com
	jwsturgis@varnumlaw.com


Attorneys for Defendant

Dated:  October 7, 2015	By:    /s/ *Joseph T. Muzingo*
	Joseph T. Muzingo (P66485)
Business Address, Telephone, and E-mail:

8

        600 E. Lafayette Blvd., MC 1925
        Detroit, MI 48226
        313/225-5920
        jmuzingo@bcbsm.com

## **CERTIFICATE OF SERVICE**

 I hereby certify that on October 7, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

      By: */s/ John W. Sturgis VII*
       Perrin Rynders (P38221)
       Aaron M. Phelps (P64790)
       Kyle P. Konwinski (P76257)
       John W. Sturgis VII (P79046)
     Business Address & Telephone:
       Bridgewater Place, PO Box 352
       Grand Rapids, MI, 49501-0352
       Phone: (616) 336-6000
       Fax: (616) 336-7000
       prynders@varnumlaw.com
       amphelps@varnumlaw.com
       kpkonwinski@varnumlaw.com
       jwsturgis@varnumlaw.com

9813610_1.docx